Commonwealth *v.* Adams, Appellant.

Submitted March 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

E. *Franklin Martin* and *Robert E. Graham*, Assistant Public Defenders, and *Blake E. Martin*, Public Defender, for appellant.

*Edward S. Newlin*, Assistant District Attorney, *Edwin D. Strite, Jr.*, Deputy District Attorney, and *John R. Walker*, District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 22, 1975:

On November 16, 1970, appellant pleaded guilty to the charge of assault with intent to kill. Appellant then unsuccessfully appealed claiming his 7 year sentence was excessive. On September 21, 1971, appellant filed a petition pursuant to the Post Conviction Hearing Act[1] claiming that his guilty plea was unlawfully induced because his counsel indicated that his sentence would be served in the Franklin County Prison which was not done, and in addition that the sentence imposed was improper because the court failed to impose a minimum sentence. The lower court dismissed appellant's PCHA petition concluding that appellant waived such issues by failure to raise them on direct appeal and, further, that such allegations were frivolous. Appellant now appeals claiming that the lower court erred in dismissing his PCHA petition.

Section 3 of the PCHA clearly states that, "[t]o be eligible for relief under this act, a person . . . must prove . . . [t]hat the error resulting in his conviction and sentence has not been finally litigated or waived." Section

---

. 1. Act of January 25, 1966, P.L. (1965) 1580, §1 et seq. effective March 1, 1966, 19 P.S. §1180-1 et seq. Hereinafter referred to as the PCHA.

84

4 of the PCHA states that an issue is waived if "[t]he petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, [or] on appeal." The issues appellant raised in his PCHA petition could have been raised on his first appeal to this court but were not. Therefore, on the basis of the information contained in the PCHA petition, it is clear that the lower court correctly concluded that such issues were waived.

However, on this appeal appellant attempts to show "extraordinary circumstances"[2] which would nevertheless entitle him to raise the issues in question through the PCHA. Appellant attempts to show such extraordinary circumstances by an allegation of ineffective assistance of counsel. Such a claim does constitute extraordinary circumstances which would justify appellant's failure to raise such issues previously. See *Commonwealth v. Wideman*, 453 Pa. 119 (1973). However, such extraordinary circumstances were not raised in the PCHA petition on which the lower court based its decision, and are raised now, in this appeal from the dismissal of the PCHA petition, for the first time. This simply cannot be done. The Pennsylvania Supreme Court has clearly stated that an issue not raised in the lower court will not be considered for the first time on appeal. See *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267, 268 (1974); and *Commonwealth v. Agie*, 449 Pa. 187 (1972). Accordingly we cannot now, for the first time, consider appellant's extraordinary circumstances and therefore must affirm the lower court's dismissal of appellant's PCHA petition because the issues raised therein were waived.

Order affirmed.

SPAETH, J., concurs in the result.

---

2. See Section 4(b)(2) of the PCHA.