375 A.2d 90

**COMMONWEALTH of Pennsylvania**

**v.**

**Michael D. EAGLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided June 29, 1977.

268

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

James A. Cunningham, Assistant District Attorney, and William T. Nicholas, District Attorney, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This appeal arises from the dismissal of appellant's PCHA petition for relief based on two allegedly unlawful guilty pleas, and a claim of ineffective assistance of counsel. Following an evidentiary hearing, the court below determined that appellant's claims for collateral relief had been waived. For the reasons that follow, we affirm the order of the court below denying PCHA relief.

On March 5, 1974, appellant, represented by Attorney Prince, pleaded guilty to charges of burglary and conspiracy. He was subsequently sentenced to time served on the conspiracy charge, and a fine, costs, partial restitution and five years probation for the burglary. No appeal was taken.

On January 24, 1975, a hearing was held in the court below to determine if appellant had violated his probation by virtue of new burglary charges. Appellant was represented by Attorney Linderman, and entered pleas of guilty to burglary and conspiracy. The court accepted the pleas, revoked the prior probation, and entered concurrent sentences of three to ten years on the old and new burglary indictments. Again, no appeal was taken.

Appellant subsequently filed a pro se PCHA petition alleging that his guilty pleas were unlawfully induced and that he was denied the effective assistance of counsel. The court appointed Attorney Huganir to represent appellant, and a supplemental PCHA petition was filed. After denial of PCHA relief following an evidentiary hearing, Attorney Drayer prosecuted this appeal on appellant's behalf, alleging involuntariness of both guilty pleas and ineffective assistance of Attorneys Prince, Linderman and Huganir.

Initially we note that appellant's claims of ineffective assistance of Attorneys Linderman and Huganir cannot now be considered by us, because of failure to raise them in either PCHA petition before the court below. *Commonwealth v. Adams*, 236 Pa.Super. 82, 344 A.2d 905 (1975). In addition, we are precluded from examining the voluntariness of appellant's second guilty plea, since no motion was made

to withdraw the plea, and no direct appeal was taken from the sentence entered upon that plea. Under these circumstances, appellant has waived challenge to the second plea absent extraordinary circumstances.[1] Since appellant raised no extraordinary circumstances below in connection with his second guilty plea, and indeed expressed satisfaction with his representation by Attorney Linderman,[2] we deem that issue waived for purposes of this appeal.

We are left with appellant's claim that his first guilty plea was involuntary. While no motion was made to withdraw this plea, and no appeal taken from the judgment of sentence on the plea, appellant has alleged ineffective assistance of counsel, which is an extraordinary circumstance under the PCHA precluding waiver. *Commonwealth v. Green*, 234 Pa.Super. 236, 338 A.2d 607 (1975). The trial court agreed with the Commonwealth that this claim was waived under *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). We do not agree. In *Dancer*, our Supreme Court held that an ineffective counsel claim may not be raised in PCHA proceedings where the petitioner was represented by different counsel on direct appeal, and failed to raise the ineffectiveness of trial counsel. The rationale of *Dancer* is inapposite here because *Dancer* was decided three days after the probation revocation hearing,[3] and further no direct appeal was taken. A probation revocation hearing is not an appeal within the meaning of *Dancer* and therefore not a proper forum for challenging the validity of the guilty plea upon which the probation is based. Although incorrectly deciding appellant's claim on a waiver basis, the court below nevertheless held an evidentiary hearing on the effectiveness of Attorney Prince. Since this issue has not been waived, we may now proceed to examine it.

1. Act of January 25, 1966, P.L. (1965) 1580, § 4, 19 P.S. § 1180–4 (Supp.1976–77).

2. N.T. Evidentiary Hearing at 5–6.

3. The probation revocation hearing was held January 24, 1975, and *Dancer* was decided January 27, 1975. We noted in *Commonwealth v. Glasco*, 241 Pa.Super. 484, 362 A.2d 420 (1976), that it would be unjust to apply *Dancer* retroactively.

Appellant contends that Attorney Prince was ineffective in counseling him to plead guilty because he was not advised of possible defenses based on the alleged illegality of his arrest and subsequent search.[4] Attorney Prince testified at the PCHA Hearing that he had in fact thoroughly discussed defense strategy with appellant,[5] and we are conclusively persuaded that these defense aspects were discussed, after examination of appellant's testimony at the first guilty plea hearing:

BY MR. PRINCE:

"Q   Michael, you have already provided the District Attorney's office with a complete statement regarding this matter?

"A   Yes.

"Q   And Michael, when you retained me Friday, subsequent thereto, you and I discussed this at length and I brought to your attention certain errors, improprieties, which I thought existed in it, which you would have a constitutional right to object to should you desire to take this case to trial; is that correct?

"A   Yes.

"Q   Particularly regarding a search warrant?

"A   Yes.

"Q   And we discussed the possibility of overturning that search warrant?

"A   Yes.

"Q   And you realize that by pleading guilty, you waive any objection you may have to that search warrant?

"A   Yes.

"Q   And to its invalidity?

"A   Yes.

"Q   And you are satisfied to do so?

"A   Yes."

"MR. PRINCE: I have no further questions."

N.T. Guilty plea hearing, March 5, 1974, at 9–10.

4.   N.T. Evidentiary Hearing at 16–17.

5.   N.T. Evidentiary Hearing at 32–35, 40–41.

■ Since Attorney Prince was not ineffective as alleged by appellant, we are precluded from examining the merits of the guilty pleas because appellant has failed to prove an extraordinary circumstance precluding waiver. *See Commonwealth v. Waddy*, 463 Pa. 426, 429, 345 A.2d 179 (1975).

Therefore, because of our power to affirm if any ground for affirmance exists,[6] the order of the court below is affirmed.

HOFFMAN and SPAETH, JJ., would remand for a hearing on PCHA counsel's alleged ineffective assistance pursuant to *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975), and would require that new counsel not associated with the public defender's office represent appellant at this hearing. *Commonwealth v. Crowther*, 241 Pa.Super. 446, 361 A.2d 861 (1976).

6. *Commonwealth v. Dancer*, 460 Pa. 95, 101 n. 5, 331 A.2d 435 (1975).