393 A.2d 33

**COMMONWEALTH of Pennsylvania**

v.

**John LOWERS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 25, 1978.

Decided Nov. 2, 1978.

Benjamin L. Costello, Washington, for appellant.

Jess D. Costa, Dist. Atty., Paul M. Petro, Asst. Dist. Atty., Washington, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-EROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from an order of the Court of Common Pleas of Washington County denying appellant, John Lowers, post-conviction relief. The facts surrounding this appeal are as follows.

On May 7, 1974, while represented by the Public Defender's Office of Washington County, appellant pled guilty to a charge of murder generally. The homicide charges arose out of the February 20, 1974, shooting of Shirley Bongiorni and Carolyn Wagner in Washington, Pennsylvania. Appellant was adjudged guilty on two counts of murder of the first degree and on May 23, 1974, the court below sentenced appellant to concurrent terms of life imprisonment for both murder convictions. No direct appeal was taken to this court.

In September, 1976, appellant, represented by counsel other than trial counsel, filed a Post-Conviction Hearing Act Petition.[1] He alleged, *inter alia*, in his petition and again on this appeal:

". . . (1) a statement he made without counsel present was used against him at the time of the hearing; (2) that his privilege against self-incrimination was violated; (3) that he did not have competent counsel; (4) that his plea of guilty was unlawfully induced; (5) that he was not furnished the right to appeal; and (6) that his plea was unconstitutional."

On December 23, 1976, a hearing on the above post-conviction petition was held, and on April 5, 1977, the court below denied all requested relief. On September 7, 1977, a hearing was held on appellant's petition for reconsideration of the denial of his post-conviction petition and on October 25,

1. Act of January 25, 1966, P.L. (1965) 1580, § 1, effective March 1, 1966, 19 P.S. § 1180–1, et seq.

1977, the court below denied that petition. This appeal followed.

Our initial inquiry is whether appellant was denied his right to a direct appeal. While listing the above issue, appellant's brief points to no specific testimony either at the guilty plea hearing of May 7, 1974, or the post-conviction hearing of September 23, 1976, to support his allegation of a denial of appellate rights.

The record of the May 7, 1974, guilty plea does reflect that the court below explicitly told appellant that he had thirty days, after the imposition of judgments of sentence, to appeal. Moreover, Salvatore F. Panepinto, Esquire, one of the public defenders who represented appellant at the guilty plea specifically testified as follows concerning the fact that no direct appeal was filed:

"Q. Mr. Panepinto, according to the record, no appeal was ever filed in this instance, in this case. Is that correct?

"A. That is correct.

"Q. Is there a reason why no appeal was ever filed?

"A. We discussed, after the plea was taken, discussed this matter with Mr. Lowers in the jail prior to their taking him to Western Penitentiary and at that time, the matter was discussed and he evidenced to us that no appeal should be taken, that he would acquiesce to the sentence as it was laid against him.

"Q. So apparently, from your testimony, all of these statements he made to you relative to his plea of guilty, relative to his decision not to go to trial, relative to his decision not to take an appeal, were in your opinion based on a competent understanding of the facts and circumstances that surrounded him at the time?

"A. That is correct."

The record clearly establishes that appellant was informed of his right to direct appeal and that he knowingly and intelligently determined not to file that appeal. See Post-Conviction Hearing Act, *supra*, § 1180–4.

■ Having determined that appellant knowingly and intelligently waived his right to file a direct appeal, appellant is therefore precluded from challenging:

1. That the statement he gave the police was made without the presence of counsel.

2. That his Fifth Amendment privilege against self-incrimination was violated.

3. That his guilty plea was unlawfully induced.

4. That his guilty plea was unconstitutional.

Section 1180–4(b) of the Post-Conviction Hearing Act, *supra*, provides:

"(b) For the purposes of this act, an issue is waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

"(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

"(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure. . . ."

The above issues are *not* properly preserved for appellate review

Appellant's last argument is that he was denied the effective assistance of counsel. We do not agree. On September 23, 1976, appellant filed a post-conviction petition. The petition alleged the following specific instances of ineffective assistance of counsel:

1. That counsel failed to file any pretrial suppression motions.

2. That counsel coerced petitioner into pleading guilty.

3. That counsel stipulated to the facts of the homicide.

4. That counsel failed to pursue available defenses.

5. That counsel failed to challenge appellant's mental capacity at the time of the guilty plea.

6. That counsel failed to determine if appellant wanted to plead guilty.

7. That counsel was ineffective in allowing appellant to plead guilty to both homicides at the same time.

8. That counsel, both being public defenders of Washington County, were *per se* incompetent because of that status.

At the evidentiary hearing held pursuant to the above post-conviction petition, present defense counsel called Chris Vlachos and Salvatore Panepinto, the two public defenders who represented appellant. Appellant was not called as a witness.

Moreover, appellant presented no other evidence nor did he cite any legal authorities holding *per se* ineffective assistance of counsel for failing to do any of the above allegations. The court below determined that appellant did not sustain his burden of proof concerning his allegations of error as they related to the ineffective assistance of counsel. No evidence of ineffective assistance of counsel was presented to the court below. Appellant in his brief points to no specific testimony or no specific appellate cases to support his allegations. The court below did not err in dismissing appellant's Post-Conviction Hearing Act Petition.

Order affirmed.