410 A.2d 744

**COMMONWEALTH of Pennsylvania**

v.

**Robert ROBINSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 10, 1979.

Decided Feb. 1, 1980.

542

Stephen A. Seidel, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Franklin Noel, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION

NIX, Justice.

Appellant, Robert Robinson, was charged with murder, voluntary manslaughter, involuntary manslaughter, and carrying a concealed weapon arising out of the stabbing death of Ronald Townes in a Philadelphia bar in 1971. Following a trial before a court sitting without a jury on February 23, 1973, appellant was found guilty of voluntary manslaughter. Motions for a new trial and an arrest of judgment were filed by appellant and these motions were denied on December 17, 1973. Appellant was thereupon sentenced to serve a three to twelve year term of imprisonment.

Appellant failed to take a direct appeal of his conviction. Subsequently, he filed a pro se Post Conviction Hearing Act [1] petition on June 20, 1977. Counsel was appointed for appellant who then filed an amended PCHA petition on October 14, 1977. The PCHA court denied this petition on July 26, 1978 and appellant now seeks review of this adverse ruling.

■ Appellant argues that he is entitled to a direct appeal *nunc pro tunc* because of trial counsel's ineffectiveness in properly perfecting the appeal and that trial counsel was also ineffective for failing to call a crucial witness at trial. Addressing first the assertion that trial counsel was ineffective for failing to perfect an appeal, it must be emphasized that this is not a claim of a denial of *Douglas* rights. *See Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Commonwealth v. Wilson,* 430 Pa. 1, 241 A.2d 760 (1968). The testimony clearly established that appellant was fully advised, on the record, of his right of appeal at

1. The Act of January 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.;* as amended, 19 P.S. §§ 1180–1 *et seq.* (Supp. 1979–80).

sentencing. There is no claim that he did not understand these rights or that he at any point requested trial counsel to file an appeal. Moreover, although appellant testified during the PCHA hearing, his testimony was confined to the second issue raised in this appeal. At no point has appellant asserted that he expressed any desire to trial counsel to appeal his conviction and sentence, nor did he suggest any difficulty in communicating with counsel during the period in which an appeal would have been filed.

The legislature has mandated that, "There is a rebuttable presumption that a failure to appeal a ruling . . . is a knowing and understanding" waiver of the defendant's right to appeal. 19 P.S. § 1180–4(c). The courts of this Commonwealth have steadfastly adhered to this mandate. *See e. g., Commonwealth v. LaSane,* 479 Pa. 629, 633, 389 A.2d 48, 49 (1978); *Commonwealth v. Jones,* 477 Pa. 266, 269–70, 383 A.2d 926, 927–28 (1978); *Commonwealth v. Lowers,* 481 Pa. 534, 537–38, 393 A.2d 33, 35 (1978); *Commonwealth v. Nero,* 250 Pa.Super. 17, 22, 378 A.2d 430, 433 (1977); *Commonwealth v. Eagle,* 248 Pa.Super. 267, 375 A.2d 90 (1977); *Commonwealth v. Phillips,* 248 Pa.Super. 400, 375 A.2d 158 (1977). In this case no attempt has been made to overcome the presumption.

Thus the question must be framed as to whether trial counsel is ineffective for not perfecting an appeal where his client has waived the right of appeal? To state the question is to answer it. Appellant's sister, Mrs. Saunders, testified that she and other members of the family of appellant engaged trial counsel for appellant.[2] She stated that trial counsel had promised the family that he would file an appeal on her brother's behalf.[3] Even if we gave credence to her

2. Ronald Brockington, Esq., trial counsel, died prior to the P.C.H.A. hearing and was therefore unavailable as a witness in those proceedings.

3. Appellant has raised objections to certain evidentiary rulings as to the admissibility of portions of this evidence. In view of our disposition, we will not decide these questions.

statements, which the hearing court did not, we fail to see how that testimony constitutes ineffective assistance in counsel's representation of his client, appellant. Once the client has knowingly and voluntarily waived an appeal, counsel's failure to file an appeal does not constitute ineffective assistance to the client even though his failure may be a breach of a promise to a third party.

■ The second allegation of ineffectiveness relates to trial counsel's failure to call Richard Purnell, appellant's brother-in-law, as a witness for the defense during the trial of the case. The PCHA hearing court found and the record supports a finding that, "neither Mr. Purnell nor defendant's sister, who testified at the evidentiary hearing before us, nor the defendant himself, . . ., ever stated or intimated that defendant's trial counsel had been advised that there was an exculpatory eyewitness to the incident." *See Commonwealth v. Abney,* 465 Pa. 304, 350 A.2d 407 (1976); *Commonwealth v. Owens,* 454 Pa. 268, 312 A.2d 378 (1973).

> [H]ad appellant clearly established that he had communicated to his attorney the existence of the two witnesses and his attorney, without investigation, had failed to call them as witnesses, then such conduct, if not explained, would be a relevant circumstance in determining whether appellant was denied effective assistance of counsel. However, the record fails to establish that appellant's attorney was made aware of the possible alibi witnesses. *Commonwealth v. Owens, supra,* 454 Pa. at 272, 312 A.2d at 381.

Appellant argues that the statement given by him to the police, which was furnished to counsel and introduced at trial, should have placed trial counsel on notice of Mr. Purnell's potential as a witness for the defense. Appellant relies upon that portion of the statement which indicates, "I was talking to my brother-in-law, Richard Purnell. . . . Ronald Townes [the deceased] walked up to me and . . ." However, as the learned court below found, this reference in

no way suggests that the witness, Purnell, would necessarily be favorable to appellant's position.

During the course of a trial, counsel must make many decisions where this stewardship is called into question, the normal procedure is to evaluate his explanation for the path chosen. Where, as here, counsel is not available to explain his choice of alternatives, we must look to the record to find any reasonable basis for the course of action taken by counsel. We will not assume that counsel acted without a reasonable basis, rather the record must support such a conclusion.

In this case, there is no basis for concluding that trial counsel either knew or had reason to know that Mr. Purnell's testimony would be favorable to the defense. "Assuming appellant's counsel knew of the witnesses, failure to call possible . . . witnesses is not per se ineffective assistance of counsel." *Commonwealth v. Owens,* supra, 454 Pa. at 274, 312 A.2d at 381–82. *See also Commonwealth v. Twiggs,* 460 Pa. 105, 110, 331 A.2d 440, 443 (1975) (counsel may decide as a matter of trial strategy not to call a witness); *Commonwealth v. Lochman,* —— Pa.Super. ——, 402 A.2d 513 (1979) (failure to call a witness whose testimony would be merely cumulative does not constitute ineffective assistance of counsel).

In this case, the trial court acting as the finder of fact believed the appellant's version which cast the deceased in the role of the original aggressor and that appellant did not take out his knife until challenged by the deceased. The court's reason for rejecting the claim of self defense was the absence of a reasonable basis for a fear of serious bodily harm in view of the deceased's highly intoxicated state. Mr. Purnell's testimony at the PCHA hearing as to his recollection of the incident shed no light upon the issue of the victim's state of sobriety or the reasonableness of appellant's fear of serious bodily harm. His testimony would only have corroborated those portions of appellant's testimony which

the trial court did accept. Moreover, the persuasiveness of Mr. Purnell's testimony would have been at best questionable. In addition to the obvious interest that could have been inferred from Mr. Purnell's relationship to appellant, Mr. Purnell was at the time of the trial personally involved with criminal charges which may have reflected unfavorably upon his credibility.

Faced with this record, it has not been established that the failure to call Mr. Purnell as a witness for the defense at trial evidenced counsel's ineffectiveness. Appellant has failed to demonstrate that counsel's actions were without a reasonable basis designed to effectuate his client's interests.

It is by now axiomatic that the test for evaluating a claim of ineffective assistance of counsel is whether the record supports a conclusion that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest. . . . In making this assessment we are not to employ a hindsight evaluation to determine whether other alternatives may have been more reasonable, . . . but whether there was a reasonable basis for the course of action actually selected. . . . if a reasonable basis for counsel's trial strategy decision exists, that decision is imputed to the client. (Citations omitted).

*Commonwealth v. Musi,* 486 Pa. 102, 404 A.2d 378, 380 (1979).

Accordingly, we affirm the order of the P.C.H.A. court denying appellant's prayer for collateral relief from the judgment of sentence.

EAGEN, C. J., dissents and notes that he is of the view that trial counsel was ineffective for not calling Mr. Purnell as a witness for the defense.