585 A.2d 1084

**COMMONWEALTH of Pennsylvania**

v.

**David LEE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1990.

Filed Jan. 30, 1991.

592

594

Paula M. Lappe, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, OLSZEWSKI and FORD ELLIOTT, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence following a conviction by a jury of murder in the first degree, criminal conspiracy, and possession of an instrument of crime. Appellant was immediately sentenced to life imprisonment for the murder conviction. Following the trial court's denial of his post-verdict motions, appellant was sentenced to five to ten years for criminal conspiracy, to run consecutive to the life sentence, and two and one-half to five years for possession of an instrument of crime, to run concurrent to the criminal conspiracy but consecutive to the life sentence.

Appellant presents the following issues for our review: (1) whether the trial court erred when it denied appellant's motion to strike for cause a prospective juror who was a retired police officer; (2) whether the trial court erred in failing to give a *Kloiber* charge to the jury; (3) whether the trial court erred in instructing the jury that malice could be inferred from the use of a deadly weapon against a vital part of another's body; and, (4) whether trial counsel was

ineffective. As we find no merit to any of appellant's claims of error, we affirm the judgment of sentence.

■ The facts of the present case were adequately summarized by the trial court, and it is unnecessary to repeat them here. Appellant first alleges that the lower court erred when it refused to strike a retired police officer for cause from the jury, given his former association with the police department. Additionally, appellant claims that he was prejudiced, as he was forced to use a peremptory challenge to strike the juror.[1]

In *Commonwealth v. Jones*, 477 Pa. 164, 383 A.2d 874 (1978), relied upon by appellant, our Supreme Court held that one's status as a law-enforcement officer in and of itself is insufficient to require disqualification as a juror in a criminal case. *Id.* at 876. Following *Commonwealth v. Colon*, 223 Pa.Super. 202, 299 A.2d 326 (1972), the Court held that a police officer may automatically be excluded from serving on a criminal jury if the officer has a real relationship to the case. In *Jones*, the Court found that the police officer did have a real relationship to the case, because he was an officer on the same force as the officers who were testifying in the case and the focus of the defense was on the alleged involuntary nature of the confession, with respect to which the issue of credibility of testifying officers was a critical factor. *Jones, supra* at 169, 383 A.2d at 877.

The present case is factually dissimilar to the *Jones* case, in that here the police officer has been retired for seventeen years. (N.T. 3–29–89, p. 64.) Additionally, the present case does not hinge on the credibility of police officers. There-

1. Appellant does not state how he was prejudiced or that he was eventually denied an impartial jury, as he exercised a peremptory challenge against this prospective juror. On this basis alone, appellant may be denied relief. *Ross v. Oklahoma*, 487 U.S. 81, 89, 108 S.Ct. 2273, 2278, 101 L.Ed.2d 80, 90 (1988), *reh. denied*, 487 U.S. 1250, 109 S.Ct. 11, 101 L.Ed.2d 962 (1988) (so long as the jury that sits is impartial, the fact that defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated).

fore, like the trial court, we find that the proposed juror had no real relationship to the present case.

■■■ If a police officer does not have a "real relationship" to the case, he must be viewed in light of the traditional test for qualifications for jurors with the same scope of appellate review. *Id.* Absent any real relationship to the case, the removal of a law enforcement officer should depend on the sound exercise of discretion by the trial judge. *Colon, supra,* 223 Pa.Superior Ct. at 206, 299 A.2d at 328. The traditional test for determining whether a prospective juror should be disqualified is whether he is willing and able to eliminate the influence of any scruples and render a verdict according to the evidence, and this is to be determined on the basis of answers to questions and demeanor. *Commonwealth v. Sheaff,* 365 Pa.Super. 613, 621, 530 A.2d 480, 484 (1987), *allocatur granted,* 518 Pa. 655, 544 A.2d 1342 (1988), *citing, Commonwealth v. Colson,* 507 Pa. 440, 490 A.2d 811 (1985), *cert. denied,* 476 U.S. 1140, 106 S.Ct. 2245, 90 L.Ed.2d 692 (1986). In the present case, during *voir dire,* the proposed juror repeatedly and unequivocally stated that his status as a former police officer would not prevent him from being fair and impartial in deciding the case. (N.T. 3–29–89, pp. 61–64.) Therefore, we find that the trial judge did not abuse his discretion in denying appellant's motion to strike this juror for cause.

■■■ Appellant next contends that the trial court erroneously declined to charge the jury in accordance with *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A.2d 820 (1954). In *Kloiber, supra,* the Court held that "where the witness is not in a position to clearly observe the assailant" or her identification is "weakened by failure to identify the defendant on one or more prior occasions, the accuracy of the identification is so doubtful that the Court should warn the jury that the testimony as to identity must be received with caution." *Id.,* 378 Pa. at 424, 106 A.2d at 826.

Appellant alleges that the jury should have been instructed under *Kloiber,* with respect to Marlene Fountain's identi-

fication testimony. The trial court was correct in finding that the *Kloiber* instruction was inapplicable to such testimony. At the time of the shooting, Ms. Fountain told police she did not hear or see anything. She later contacted police, told them that she had seen appellant shoot the victim, and positively identified appellant's photograph. (N.T. 4-3-89 at pp. 43-44.) She again later positively identified appellant at a preliminary hearing and at trial. At trial, she explained that she had been afraid to become involved because she lived in the building where the shooting took place with her three young children and feared the two assailants would harm her or her family. (N.T. 4-3-89 at pp. 41-42.) We agree with the trial court that the initial fear of the witness to tell the police what she saw cannot be equated with a prior failure to make an identification. Once Ms. Fountain overcame her fear, she identified appellant without hesitation at all times. Additionally, the trial court properly instructed the jury with respect to determining the credibility of the witnesses and evaluating conflicting testimony. (N.T. 4-6-89, at pp. 8-10.) We therefore agree with the trial court that a *Kloiber* instruction would not have been necessary or appropriate with respect to Ms. Fountain's testimony. *See, Commonwealth v. Smith*, 343 Pa. Super. 435, 446, 495 A.2d 543, 548 (1985) (Where rape victim, out of fear, initially told the police that she had not seen her attacker's face, but later, at the preliminary hearing and at trial, made positive identifications and at no time failed to identify or misidentified appellant, this Court held no cautionary instruction was required.).

Furthermore, appellant argues that the trial court erroneously charged the jury that if it found that a deadly weapon was used to commit the homicide, then the crime for which the defendant must be found guilty is murder. Appellant complains that after this instruction, the jury was left with no alternative but to return a murder conviction. Upon review of the trial court's jury instructions, to which appellant fails to cite in his brief, we are unable to find the particular instruction to which appellant refers. After in-

structing the jury on the differences between the burdens of proof required for murder and manslaughter, the court went on to define malice:

 ... Thus, malice is the thing which distinguishes murder from other types the [sic] homicide. Therefore, to determine whether a homicide constitutes murder, you must first determine whether malice was present. You must decide whether at the time of the killing the slayer was motivated by malice; that is, whether there was a wickedness of disposition, depravity of heart, cruelty, the hardness of heart, evil purpose, recklessness of consequences or mind regardless of social duty. If there was no malice, there was no murder of any degree. Please note that legal malice may be inferred and found from the attending circumstances. As a matter of law, you may infer legal malice from the intentional use without legal excuse or legal justification of a deadly weapon on a vital part of the body of the victim.

 A "vital part of the body" means a portion of the body containing organs necessary to the continuance of life. A "deadly weapon" means any firearm or any device designed as a weapon and capable of producing death or serious bodily injury or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury. This inference of malice that arises from the use by the killer of a deadly weapon upon a vital part of the victim's body is one which you are at liberty to apply or not to apply as you see fit. If you find that there were any qualifying facts indicating a contrary intent, such facts would prevent application of this principle by you ...

(N.T. 4–6–89 at pp. 23–25.)

 ■■■ Nowhere does this instruction require the jury to return a murder conviction if it finds that a deadly weapon was used on a vital part of the victim's body. To the contrary, the instruction only *permits* the jury to find malice on such basis and, accordingly, to return a murder

conviction. The above instruction is also consistent with the well-established rule in this Commonwealth that "the use of a deadly instrument on a vital part of the body is sufficient to establish the specific intent to kill required for a conviction of first degree murder." *Commonwealth v. Carbone,* 524 Pa. 551, 562–63, 574 A.2d 584, 590 (1990), *citing, Commonwealth v. Butler,* 446 Pa. 374, 378, 288 A.2d 800 (1972).[2] We therefore find no error in the trial court's instruction in this respect.

Finally, appellant asserts five separate claims of ineffective assistance of counsel. In determining whether counsel rendered ineffective assistance, the proper inquiry is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order for an ineffective assistance of counsel claim to be successful,

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. In *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987), our Supreme Court stated:

Our cases clearly indicate that ineffectiveness claims are measured by two components. First, counsel's per-

---

**2.** The instruction regarding the inference of malice from the use of a deadly weapon was appropriate in the present case because the record shows that appellant and his co-assailant both held guns to the victim and shot him in the abdomen, back and head, causing his death.

formance is evaluated in light of its reasonableness if it is determined that the underlying claim is of arguable merit. *Citing, Commonwealth v. Stoyko,* 504 Pa. 455, 475 A.2d 714 (1984); *Commonwealth v. Wade,* 501 Pa. 331, 461 A.2d 613 (1983); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). We also presume that counsel is acting effectively. *Commonwealth v. Miller,* 494 Pa. 229, 431 A.2d 233 (1981).

Second, we have required that the defendant demonstrate how the ineffectiveness prejudiced him. *Commonwealth v. Clemmons,* 505 Pa. 356, 479 A.2d 955 (1984); *Commonwealth v. Vogel,* 501 Pa. 314, 461 A.2d 604 (1983) *cert. denied* 465 U.S. 1104, 104 S.Ct. 1603, 80 L.Ed.2d 133 (1984).

*Id.,* 515 Pa. at 158–59, 527 A.2d at 975.

In the present case, we need not reach the issue of whether appellant was prejudiced by trial counsel's actions, as we find that appellant has failed to prove that trial counsel's performance was unreasonable.

██ Appellant's first ineffective assistance of counsel claim is based on trial counsel's failure to call an allegedly exculpatory witness to testify at trial. Appellant claims that trail counsel did not call Michael Frazier, who would have testified that while appellant was at the scene of the shooting, he was a mere onlooker and did not actually shoot the victim.

Our Supreme Court, however, has held that the failure to call a witness is not *per se* ineffective assistance of counsel. *Commonwealth v. Smallwood,* 497 Pa. 476, 442 A.2d 222 (1982), *citing, Commonwealth v. Robinson,* 487 Pa. 541, 410 A.2d 744 (1980). The decision whether to call a witness is a matter of trial strategy. *Id.,* 497 Pa. 487, 442 A.2d at 227. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable, and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the

limitations on investigation." *Strickland*, 466 U.S. at 690–691, 104 S.Ct. at 2068, 80 L.Ed.2d at 695. The failure to call a possible witness will not be equated with a conclusion of ineffectiveness, absent some positive demonstration that the testimony would have been helpful to the defense. *Commonwealth v. Bulard*, 305 Pa.Super. 502, 451 A.2d 760 (1982).

Appellant has labeled Mr. Frazier's alleged testimony as exculpatory; however, we are unable to discern how placing appellant at the scene of the crime would have benefited his case. This is especially true in light of the fact that appellant, at trial, attempted to discredit the Commonwealth's witnesses and based his case on failure of the Commonwealth to prove its case beyond a reasonable doubt. Certainly, conceding that he was at the scene of the crime would have been detrimental to this strategy. We view the defense counsel's decision not to call Mr. Frazier as a tactical choice which appellant may not now successfully label as ineffective assistance of counsel merely because it turned out to be unsuccessful.

■ Secondly, appellant claims that trial counsel was ineffective for eliciting character testimony because the prosecution was then permitted to introduce appellant's prior convictions in rebuttal. We find that appellant expressly agreed at trial that defense counsel would pursue this strategy, with full knowledge that his prior convictions would be disclosed by the prosecution.[3] Therefore, we find that appellant has waived any argument with respect to ineffective assistance of counsel on such grounds.

■ Thirdly, appellant argues ineffective assistance of counsel in that trial counsel did not, post verdict, challenge the sufficiency of the evidence for first-degree murder. In order to evaluate this claim, we must examine the evidence presented by the Commonwealth. To determine the sufficiency of the evidence, we must adhere to the following test:

**3.** (N.T. 4–5–89, at pp. 30–34.)

[W]hether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt.

*Commonwealth v. Griscavage*, 512 Pa. 540, 517 A.2d 1256 (1986).

"In order to convict a defendant of murder of the first degree, the Commonwealth must prove beyond a reasonable doubt that (1) the defendant has killed another (2) willfully, deliberately and with premeditation (otherwise referred to as with malice), and (3) without lawful justification." *Carbone, supra* 524 Pa. at 560, 574 A.2d at 588.

Upon review of the evidence in the present case, we find that the jury was presented with sufficient evidence to have found, beyond a reasonable doubt, that appellant committed murder in the first degree. Specifically, the jury heard testimony from an eyewitness that she observed appellant and his co-assailant fire their weapons, at close range, into the victim's body. This testimony is itself sufficient to warrant a conviction of first-degree murder. *See, Commonwealth v. D'Amato*, 514 Pa. 471, 479, 526 A.2d 300, 304 (1987). Therefore, any claim challenging the sufficiency of the evidence in the present case would have been meritless. Counsel cannot be deemed ineffective for failing to assert a meritless claim. *Commonwealth v. Christy*, 511 Pa. 490, 515 A.2d 832 (1986).

■ Appellant's fourth claim of ineffective assistance of counsel is that trial counsel did not attempt to impeach Ms. Fountain, a Commonwealth witness, with her alleged criminal record. Appellant's claim is without merit. Appellant, in his brief, does not articulate the exact nature of the criminal record that the witness supposedly has, but only argues that appellant has reason to believe that the witness possessed a criminal record. Additionally, appellant does not allege whether the supposed crimes resulted in convictions and involved dishonesty or false statements. *See, Commonwealth v. Williams*, 524 Pa. 404, 407, 573 A.2d

536, 538 (1990) ([A] witness may not be impeached on the basis of convictions for crimes not involving dishonesty or false statement.). The failure of appellant to allege specific factual averments with respect to the existence and nature of the alleged criminal record of the Commonwealth witness renders appellant's claim of ineffective assistance of counsel meritless.

 Finally, appellant asserts ineffective assistance of counsel for counsel's failure to file a motion to reconsider sentence, which appellant argues is excessive because it exceeds the sentencing guidelines. Appellant also argues that his sentences for criminal conspiracy (five to ten years) and possession of an instrument of crime (two and one-half to five years) should have been imposed to run concurrently with the life sentence on the murder bill, and not consecutive thereto.

We first observe that appellant does not directly challenge the length of the sentence, but only raises the issue in the context of an ineffectiveness claim. Appellant has failed to articulate any substantial question which would show that a lesser sentence was appropriate, in accordance with 42 Pa.C.S.A. § 9781. Had appellant directly appealed the sentence without stating a substantial question, our inquiry would end. In light of the fact that appellant challenges trial counsel's effectiveness for failure to preserve the issue for appeal, however, we may consider whether appellant's underlying sentencing issue has arguable merit. *See, Commonwealth v. Jones,* 365 Pa.Super. 57, 528 A.2d 1360 (1987).

> This Court has held that the trial judge has broad discretion in imposing sentence.... If the sentence imposed is within statutory limits, there is no abuse of discretion, unless the sentence is manifestly excessive so as to inflict too severe a punishment.... Absent an abuse of discretion, a sentence imposed by the trial court will not be disturbed on appeal.

*Commonwealth v. Martin,* 328 Pa.Super. 498, 501, 477 A.2d 555, 557 (1984) (internal citations omitted).

In the present case, appellant was sentenced to five to ten years for criminal conspiracy. The statutory maximum sentence for criminal conspiracy is ten years. 18 Pa.S.C.A. § 905; 18 Pa.S.C.A. § 1103. Appellant was also sentenced to two and one-half to five years' imprisonment for possession of an instrument of crime. The statutory maximum for this crime is five years. 18 Pa.C.S.A. § 907; 18 Pa.C.S.A. § 1104. ·Therefore, as the sentence imposed does not exceed that statutory maximum, there can be no abuse of discretion unless the sentence is manifestly excessive so as to inflict severe punishment. Upon our own review of the record, we are satisfied that the trial court did not abuse·its discretion, as it took into account appellant's prior criminal activity in addition to the pre-sentence report indicating appellant's deceptive and hostile nature. Accordingly, we do not find the sentence to have been manifestly excessive and cannot find trial counsel to have been ineffective for failing to file a motion to reconsider the sentence, as such motion would most likely have been futile.

For the foregoing reasons, judgment of sentence is affirmed.