J-S31041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRY DALE STITELY | |
| Appellant | No. 1670 MDA 2014 |

Appeal from the PCRA Order of September 12, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No: CP-28-CR-0000906-2011

BEFORE:  BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                **FILED JUNE 12, 2015**

Terry Dale Stitely appeals the September 12, 2014 order that denied his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On March 31, 2011, Stitely was charged with indecent assault, 18 Pa.C.S.A. § 3126(a)(7), corruption of the morals of a minor, 18 Pa.C.S.A. § 6301(a)(1), and endangering the welfare of a child, 18 Pa.C.S.A. § 4304(a)(1).  At trial, Stitely was represented by Attorney Christopher L. Reibsome of the Franklin County Public Defender's Office.  Following trial on September 24 and 25, 2012, a jury found Stitely guilty of all three charges. Notes of Testimony ("N.T."), 9/25/2012, at 95.  The trial court ordered an evaluation by the Sexual Offender's Assessment Board ("SOAB"), and

sentencing was deferred until the SOAB produced its report.[1]  On February 27, 2013, the trial court sentenced Stitely to nine to sixty months' incarceration for indecent assault, nine to sixty months' incarceration for corruption of the morals of a minor, and nine to sixty months' incarceration for endangering the welfare of a child.  The indecent assault and corruption of minors sentences were ordered to run consecutively to each other and the endangering the welfare of a child sentence was ordered to run concurrently with the indecent assault sentence.  Stitely received an aggregate sentence of eighteen to 120 months' incarceration.

Shortly after sentencing, Attorney Reibsome left the Public Defender's Office and Attorney Michael Toms from the same office took over Stitely's case.  No direct appeal was filed.  On January 14, 2014, Stitely filed a timely *pro se* PCRA petition.  On January 15, 2014, the PCRA court appointed Attorney Michael Palermo as counsel for Stitely.  On May 8, 2014, counsel filed an amended PCRA petition.

The PCRA court held a hearing on the petition on July 31, 2014.  At the hearing, Stitely testified that, after his conviction, he met with Attorney Reibsome and asked about how to file an appeal.  N.T., 7/31/2014, at 6.  Stitely also said that he asked Attorney Reibsome to file an appeal after Stitely was sentenced.  *Id.* at 9.  Stitely testified that he met with Attorney

---

[1]  The report did not recommend that Stitely was a sexually violent predator.  N.T., 2/27/2014, at 15.

- 2 -

Toms when he was at the Franklin County jail about filing a post-sentence motion, but Attorney Toms advised against it. *Id.* at 10. After he was transferred to SCI-Camp Hill, Stitely had no contact with Attorney Toms until he received a letter in late March or early April. *Id.* at 14-15. At SCI-Camp Hill, Stitely did not have access to mail or phone calls for a period of time during the intake process. *Id.* at 15. Stitely admitted that he never sent a letter to either attorney requesting a direct appeal. *Id.* at 23. Stitely testified that he was advised by Attorney Toms that, if Stitely filed a PCRA petition alleging ineffective assistance of counsel, Attorney Toms would be unable to represent him because Attorney Toms was also with the Public Defender's Office and outside counsel would need to be appointed. *Id.* at 28.

Attorney Reibsome testified that, after Stitely's conviction, he met with Stitely about an appeal and discussed the potential benefits of a direct appeal versus a PCRA petition. *Id.* at 32. Attorney Reibsome could not recall if Stitely asked him to file an appeal, but he recalled telling Stitely that the issues Stitely was raising (*i.e.* failing to object to Commonwealth questions) were not available on direct appeal. *Id.* at 33, 35. Attorney Reibsome did not file an appeal because Stitely's sentencing was the day before his last day with the Public Defender's Office and he was passing the case to another attorney. *Id.* at 33-34.

Attorney Toms testified that he met with Stitely at the jail on March 8, 2014. Attorney Toms' notes from the meeting were entered into evidence.[2] *Id.* at 39. Attorney Toms said that his notes indicated that Stitely wanted to file an appeal, but during the meeting, Stitely changed his mind and wanted to file a PCRA petition instead. *Id.* at 40-41. On March 25, 2014, Attorney Toms sent Stitely a letter, reviewing the decision reached at their meeting and enclosing a PCRA petition for Stitely to draft. *Id.* at 42-43. Attorney Toms testified that Stitely never asked him to file a direct appeal. Instead, although Stitely initially wanted a direct appeal when they started talking, he changed his mind during their conversation. *Id.* at 43.

On September 12, 2014, the PCRA court issued an opinion and order that denied Stitely's PCRA petition. On October 3, 2014, Stitely filed a timely notice of appeal. The PCRA court ordered Stitely to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Stitely timely complied. On November 3, 2014, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a), in which it adopted its September 12, 2014 opinion and order.

Stitely raises one issue for our review:

> Whether the PCRA Court erred in denying [Stitely] relief in the form of restoration of his direct appeal rights where he presented uncontradicted testimony that he requested an

---

[2] Attorney Toms conceded that some of the notes may have been made during a March 13, 2014 videoconference with Stitely. *Id.* at 45.

appeal, was in restrictive custody and was unable to receive any communication from his counsel, including the correspondence that informed [Stitely] the appeal requested was <u>not</u> going to be filed.

Stitely's Brief at 6 (emphasis in original).

Our standard of review for an order denying PCRA relief is well-settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." ***Commonwealth v. Timchak***, 69 A.3d 765, 769 (Pa. Super. 2013) (citation omitted).

Stitely's argument at the PCRA hearing and on appeal is that he requested that a direct appeal be filed, his counsel failed to do so, and therefore, his counsel was constitutionally ineffective. Stitely contends that his direct appeal rights should be reinstated. In the alternative, Stitely argues that, due to the transfer to SCI-Camp Hill, he was out of communication with his counsel during the appeal period and that reason should suffice to reinstate his direct appeal rights. Stitely's Brief at 11-13.

The governing legal standard of review of ineffective assistance of counsel claims is well-settled:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668 (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). Accordingly, to prove trial counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the [***Pierce***] test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa. Super. 2009).

> It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights. ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564 (Pa. 1999). Where a defendant does not ask his attorney to file a direct appeal, counsel still may be held ineffective if he does not consult with his client about the client's appellate rights. ***Roe v. Flores-Ortega***, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000); [***Commonwealth v.***] ***Carter***, [21 A.3d 680, 682 (Pa. Super. 2011)]. Such ineffectiveness, however, will only be found where a duty to consult arises either because there were issues of merit to raise on direct appeal or the defendant, in some manner, displayed signs of desiring an appeal. ***Roe v. Flores-Ortega***, *supra*.

***Commonwealth v. Markowitz***, 32 A.3d 706, 714 (Pa. Super. 2011).

With regard to counsel's duty to consult with a defendant regarding the filing of an appeal, this Court has held as follows:

> [Case law] impose[s] a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal. The failure to consult may excuse the defendant from the obligation to request an appeal . . . such that counsel could still be found to be ineffective in not filing an appeal even where appellant did not request the appeal.

***Commonwealth v. Bath***, 907 A.2d 619, 623 (Pa. Super. 2006) (quotations, quotation marks, and citations omitted).

Instantly, the PCRA court found that Stitely did not want a direct appeal after consultation with his attorney. PCRA Court Opinion and Order ("P.C.O."), 9/12/2014, at 4. The trial court found that both Attorney Reibsome and Attorney Toms discussed appeal options with Stitely, but that Stitely never requested a direct appeal. *Id.* at 5-6. The PCRA court credited Attorney Toms' testimony that Stitely decided to pursue a PCRA petition instead of a direct appeal. *Id.* at 6. The PCRA court also found that Attorney Toms adequately consulted with Stitely about his appellate rights. Again, the PCRA court credited Attorney Toms' testimony and notes that reflect that Attorney Toms and Stitely discussed both a direct appeal and a PCRA petition and concluded that the issues Stitely wished to raise were best served in a PCRA petition. *Id.* at 7.

As noted, we are bound by the PCRA court's findings and credibility determinations when there is record support. Both Attorney Reibsome and

Attorney Toms testified that they discussed a PCRA petition with Stitely because his issues revolved around Attorney Reibsome's alleged failure to object at trial, failure to call witnesses at trial, failure to conduct a pre-trial investigation, and failure to file pre-trial motions.[3] Stitely admitted that he spoke with both attorneys about appellate options. He also admitted that he never sent a letter requesting that a direct appeal be filed. After a careful review of the record, we concluded that there is sufficient support in the record for the court's findings and determinations.

To support his alternative argument, Stitely relies upon **Commonwealth v. Robinson**, 410 A.2d 744 (Pa. 1980). In **Robinson**, the appellant filed a petition pursuant to the pre-cursor to the PCRA, the Post Conviction Hearing Act. **Id.** at 745. In his petition, he alleged that his counsel was ineffective for failing to file a direct appeal. However, our Supreme Court held that the record established that the appellant had presented no evidence to overcome the presumption that "a failure to appeal a ruling . . . is a knowing and understanding waiver of the defendant's right to appeal." **Id.** at 745 (internal citations omitted). In so holding, the Court

---

[3] Stitely raised these issues in his *pro se* PCRA petition. However, they were not litigated at the PCRA hearing and have not been included in his Rule 1925(b) statement or in his brief. Therefore, we find these issues have been abandoned, and we will not address them. **See, e.g.**, **Commonwealth v. Heggins**, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) ("[A]n issue identified . . . but not developed in the appellant's brief is abandoned and, therefore, waived.").

considered that the appellant provided no evidence that he requested an appeal or that he did not understand his appellate rights as conveyed by the sentencing court. Finally, the Court noted that the appellant did not "suggest any difficulty in communicating with counsel during the period in which an appeal would have been filed." *Id.*

It is this last consideration that Stitely cites in support of his alternative argument that his inability to communicate with counsel while in intake at SCI-Camp Hill is sufficient to reinstate his appellate rights. However, at best, the **Robinson** Court considered the lack of such a claim as one piece in the totality of the circumstances in demonstrating that the appellant failed to provide evidence of his request for a direct appeal. It is clear that **Robinson** uses this as an example of the appellant's failure to provide evidence rather than a suggestion that communication difficulties alone suffice to merit a reinstatement of appellate rights. **Robinson** does not provide the support Stitely wishes.[4] Further, Stitely does not contend that he out of touch with counsel during the entire appeal period. He had two consultations with Attorney Toms during the appeal period. Even if

_____

[4] The PCRA court provides an alternative analysis of this claim, finding that it should have been raised pursuant to 42 Pa.C.S.A. § 9543(a)(2)(iv) (improper obstruction by government officials), rather than 42 Pa.C.S.A. § 9543(a)(2)(ii) (ineffective assistance of counsel). The PCRA court found that Stitely would not have met his burden of proof under subsection (a)(2)(iv), that any government official acted improperly or that a meritorious appealable issue existed. P.C.O. at 8. As Stitely has not raised this issue in his appeal, we do not address it.

*Robinson* stood for the proposition Stitely suggests, under the facts of this case, it would not provide relief.

After review, we conclude that the PCRA court's decision is supported by the record. We find no error and affirm the court's September 12, 2014 order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/2015