J-S52038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID LEE | : | |
| | : | |
| Appellant | : | No. 2416 EDA 2018 |

Appeal from the PCRA Order Entered July 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0431051-1988

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED DECEMBER 16, 2019**

David Lee appeals from the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, for untimeliness. We affirm.

In 1987, Lee, with Carl Gooding, shot and killed Tim Lynch. Following a bench trial, the court convicted Lee of first-degree murder, criminal conspiracy, and possessing an instrument of crime, and sentenced him to serve a mandatory term of life imprisonment for first-degree murder.[1] This Court affirmed Lee's judgment of sentence on January 30, 1991. *See Commonwealth v. Lee*, 585 A.2d 1084 (Pa.Super. 1991). Lee did not seek review in the Supreme Court of Pennsylvania.

---

[1] The trial court imposed lesser, consecutive sentences for the other convictions.

Lee filed the instant PCRA petition, his first, on May 31, 2011. Lee asserted he was entitled to relief based on the United States Supreme Court's decision in **Melendez-Diaz v. Massachusetts**, 557 U.S. 305 (2009). The court appointed counsel, who filed an amended petition.[2] The PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing, and thereafter dismissed the petition as untimely.

Lee appealed, and raises the following:

> I. Did the Honorable PCRA Court err in denying relief, without holding an evidentiary hearing, even though the Defendant/Appellant pled that he was eligible for PCRA relief, and is entitled to a new trial, as the result of a change in the law which impacted his constitutional right of confrontation and which made his trial constitutionally infirm as trial counsel did not assert this issue and did not effectively challenge same?

Lee's Br. at 3.

Our standard of review of an order denying relief under the PCRA "is limited 'to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error.'" **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa.Super. 2018) (quoting **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018)).

The timeliness of a PCRA petition is a jurisdictional prerequisite; if a petition fails to satisfy the statutory timeliness requirements, a PCRA court has no jurisdiction to grant relief. **Commonwealth v. Rizvi**, 166 A.3d 344,

---

[2] The docket reflects that an attorney entered his or her appearance in 2014, but that the attorney was relieved in 2015. Instant counsel entered his appearance in 2015, and filed an amended petition in 2017.

347 (Pa.Super. 2017). A PCRA petition must be filed within one year of the date the petitioner's judgement of sentence becomes final, which is at the conclusion of direct review or the expiration of time for seeking such review. 42 Pa.C.S.A. § 9545(b)(1), (3). In addition, petitioners who were convicted prior to January 16, 1996 had one year, until January 16, 1997, to file a first petition. **See Commonwealth v Banks**, 726 A.2d 374, 376 (Pa. 1999). As Lee's judgment of sentence became final in 1991, and he did not file his petition until 2011, the petition is facially untimely.

A petition filed after the deadline may be deemed timely if one of three enumerated exceptions applies. Under the third exception, a petition is timely if "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). If the exception applies, the petitioner must prove the petition was filed within 60 days of the earliest date it might have been filed. **Id.** at § 9545(b)(2).[3]

Lee argues that the petition is timely because he filed it within 60 days of discovering the decision of **Melendez-Diaz**. Lee's Br. at 8.[4] Lee posits that

---

[3] 42 Pa.C.S.A. § 9545(b)(2) has since been amended to allow a petitioner one year to file a petition. The amendment applies to claims arising on or after December 24, 2017, and thus does not apply to Lee's 2011 petition.

[4] "In **Melendez–Diaz**, the Court held that lab reports admitted to establish a defendant's guilt constituted testimonial statements covered by the

although ***Melendez-Diaz*** does not provide "clear guidance . . . as to whether the decision should be retroactive or not," Lee should be provided relief if this Court finds that ***Melendez-Diaz*** announced a new rule of law, implicating his constitutional rights, that should be given retroactive effect on collateral review. ***Id.***

Lee's petition fails to meet the exception to the time-bar. First, the operative date for the purposes of the after-recognized constitutional right exception is the date of the decision, not the date of the petitioner's discovery of the decision. ***See Commonwealth v. Brandon***, 51 A.3d 231, 236 (Pa.Super. 2012); ***Commonwealth v. Leggett***, 16 A.3d 1144, 1146 (Pa.Super. 2011). Lee's 2011 petition was not filed within 60 days of the June 25, 2009 ***Melendez-Diaz*** decision, and therefore that decision cannot provide the basis for the timeliness exception.

Furthermore, this exception only applies if the Supreme Court of Pennsylvania or the United States Supreme Court has **already determined** that the newly-recognized constitutional right is to be given retroactive effect on collateral review. ***See Leggett***, 16 A.3d at 1147 (citing ***Commonwealth v. Copenhefer***, 941 A.2d 646, 649-50 (Pa. 2007)). Here, counsel concedes that the ***Melendez-Diaz*** decision does not announce it is applicable

---

Confrontation Clause of the United States Constitution and that such reports were inadmissible unless the defendant had the opportunity to cross-examine the lab analyst at trial." ***Commonwealth v. Barton-Martin***, 5 A.3d 363, 365 (Pa.Super. 2010).

retroactively on collateral review; nor does counsel argue that the Pennsylvania Supreme Court has tendered such a holding.

Finally, we have established that the United States Supreme Court did not recognize a new constitutional right in ***Melendez-Diaz***, and again, neither that court nor the Pennsylvania Supreme Court has held that the ***Melendez-Diaz*** decision applies retroactively to cases on collateral review. ***See Brandon***, 51 A.3d at 236; ***Leggett***, 16 A.3d at 1147-48.

As Lee has failed to prove he is entitled to an exception to the PCRA's timeliness requirements, we affirm the order dismissing his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/16/19