J-S49009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
| :--- | :---: |
| Appellee | PENNSYLVANIA |
| v. | |
| TODD ALLEN, | |
| Appellant | No. 2528 EDA 2013 |

Appeal from the PCRA Order of August 22, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0408061-2002

BEFORE: OLSON, OTT and STABILE, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 27, 2014**

Appellant, Todd Allen, appeals *pro se* from the order entered on August 22, 2013, dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> [Appellant] was caught in possession of 4.58 grams of cocaine and pled guilty to possession of a controlled substance with intent to deliver [(PWID)[1]]. The Commonwealth agreed to a demandatorized sentence of 11½ to 23 months of house arrest with eight years of probation and sixty days of incarceration from a contempt

---

[1] 35 P.S. § 780-113(a)(1).

charge[2] since [Appellant] walked out of the courtroom. This sentence was imposed on December 11, 2003.

[Appellant] was before the [trial court] on June 29, 2004 for a violation of probation hearing at which time the probation officer testified that [Appellant] was violating the terms of house arrest. [Appellant] gave various excuses relating to the violations and the [trial court] determined them to be untruthful. [Appellant] also had two positive drug tests during this time. As a result of all of these factors, the [trial court] sentenced [Appellant] to two to four years of incarceration followed by four years of probation.

[Appellant] appeared before the [trial court] on February 20, 2009 for another violation of probation hearing. On this date, [Appellant] pled guilty to possession of marijuana and crack cocaine. The [trial court] warned [Appellant] about violating his probation again and subsequently sentenced [him] to four years of probation. [Appellant] was arrested again on March 19, 2009 for another violation and appeared on December 15, 20[10] for his third violation relating to a controlled substance. [Appellant] pled guilty [to the offense constituting a violation of probation] and [the trial court] sentenced him to 59-119 months['] incarceration [on the underlying PWID cocaine conviction,] consecutive to any other sentence. The [trial court] determined at this hearing that it was in the best interest of the community to sentence him in such a manner. The [trial court] also indicated that the prison would calculate any credit for time served.

[After Appellant's third revocation resentence became final, Appellant] filed a *pro se* PCRA petition and then a motion to proceed *pro se*. [Appellant] was then subjected to a **Grazier**[3] hearing and was approved by the [PCRA court] to proceed and [Appellant] knowingly and voluntarily waived his right to counsel. The [PCRA court] dismissed

---

[2] 42 Pa.C.S.A. § 4132.

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 2 -

[Appellant's] PCRA petition on August 22, 2013 [finding] the issues raised were without merit.

PCRA Court Opinion, 10/1/2013, at 1-3. This timely appeal resulted.[4]

On appeal, Appellant raises the following issues for our review:

1. Whether the PCRA court erred in denying relief, in not finding that the sentencing court, th[e]n the PCRA court erred, in not specifying in the sentencing order, specific dates of time credit that is to be awarded to Appellant's sentence?

2. Whether the PCRA court erred, in denying PCRA relief, as the sentence imposed for violating probation was illegal, because running Appellant's sentence consecutive, makes Appellant's sentence and time spent in prison, in excess of the statutory maximum?

3. Whether the PCRA court erred in denying PCRA relief, as the sentence imposed for violating probation was illegal, because the first violation of probation sentence was illegal?

4. Whether the PCRA court erred, in not resentencing Appellant to a program for non-violent probation violators, pursuant to Senate Bill 100, now Act 122, or should have reduced his sentence?

5. Whether the PCRA court erred in denying relief, in not finding that Appellant's counsel was constitutionally ineffective, for not providing the sentencing court with official records of the time Appellant previously served, thus Appellant was not given specific dates of time credit?

_____

[4] Appellant filed a *pro se* notice of appeal on September 5, 2013. On September 18, 2013, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on September 30, 2013. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 1, 2013.

6. Whether the PCRA court erred in denying relief, in not finding that counsel provided ineffective assistance of counsel, when counsel, did not raise, preserve, or object to the court, not having an up to date pre-sentence report?

7. Whether the PCRA court erred in denying relief, in not finding that Appellant's counsel was constitutionally ineffective for not raising, preserving, or objecting to the court, that Appellant was sentenced on the basis of inaccurate information?

8. Whether the PCRA court erred, in denying relief, in not finding that counsel was constitutionally ineffective, for not raising, preserving, or objecting to the court, that Appellant's sentence is excessive, and the court did not consider all relevant sentencing factors, which harsh results, show bias and partiality by the court?

9. Whether the PCRA court erred, in denying relief, in not finding that Appellant's counsel was ineffective for filing an untimely post-sentence motion, and not filing an appeal?

10. Whether the PCRA court erred in denying relief, in not finding that Appellant's counsel was constitutionally ineffective, for not preserving, raising, or objecting to the court that Appellant did not consent to a video hearing, nor did the court colloquy[y] Appellant for his consent, and Appellant received no notice of the video hearing?

11. Whether the PCRA court erred in denying relief, in not finding that the PCRA judge should recuse himself from the proceedings, as his impartiality was clearly in question?

12. Whether the PCRA court erred, in denying relief, as the PCRA court, in its 907 notice to dismiss, did not provide Appellant with specific findings of fact, and conclusions of

law, explaining the intended dismissal, and only stated that Appellant's issues were without merit?

Appellant's Brief at 4.[5]

Our standard of review is as follows:

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

**Commonwealth v. Nero**, 58 A.3d 802, 805 (Pa. Super. 2012) (internal citations and quotations omitted).

In Appellant's first four issues, he claims that his current sentence and his violation of probation sentence entered in 2004 are illegal. The thrust of Appellant's claims are that his sentences exceed the lawful maximum. First, he claims that when the trial court imposed the current sentence, such sentence would exceed the statutory maximum on the underlying offense if the court did not credit Appellant for time already served. Appellant's Brief at 10-12. He further argues that by imposing a sentence consecutive to

_____

[5]  Appellant presented nine issues in his Rule 1925(b) statement, but set forth 12 issues in his appellate brief. We note that Appellant lumped several ineffective assistance of counsel claims into a single issue in his 1925(b) statement and that all of the issues currently presented were fairly encompassed within the 1925(b) statement, as well as within Appellant's PCRA petition and amended PCRA petition. Hence, Appellant has properly preserved his issues for our review and we proceed to the merits of his claims. We have reordered Appellant's issues for ease of discussion.

other sentences he is currently serving, his sentence is rendered illegal. *Id.* at 13-14. Appellant argues that his first violation of probation sentence was illegal because the trial court imposed a mandatory minimum sentence plus four years of probation. *Id.* at 14-16. Further, Appellant argues that the trial court erred by failing to resentence him to a program for non-violent probation violators. *Id.* at 16.

This Court has previously determined,

> the term "illegal sentence" is a term of art that our Courts apply narrowly, to a relatively small class of cases. This class of cases includes: (1) claims that the sentence fell "outside of the legal parameters prescribed by the applicable statute"; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). These claims implicate the fundamental legal authority of the court to impose the sentence that it did.
>
> Most other challenges to a sentence implicate the discretionary aspects of the sentence. This is true even though the claim may involve a legal question, a patently obvious mathematical error, or an issue of constitutional dimension. Moreover, the mere fact that a rule or statute may govern or limit the trial court's exercise of discretion in sentencing does not necessarily convert the claim into one involving the legality of the sentence.

*Commonwealth v. Robinson*, 931 A.2d 15, 21 (Pa. Super. 2007).

This Court has previously determined:

> When considering the sentence imposed after probation revocation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. We note that upon sentencing following a revocation of probation, the trial court is limited only by the

maximum sentence that it could have imposed originally at the time of the probationary sentence. Pennsylvania law provides that once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court.

*Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004) (internal citations omitted).

We have reviewed the certified record, the parties' briefs, the relevant law, and the PCRA court's opinion entered on October 10, 2013. First, we examined Appellant's sentences. The PCRA court properly determined that all of Appellant's sentences, *i.e.*, his current sentence and his prior revocation sentences, were legal. The PCRA court determined that Appellant was entitled to credit for time served on his current sentence and entered an order to that effect, but recognized that the Department of Corrections is responsible for computation of sentences, thus, any alleged erroneous calculation must be challenged in the Commonwealth Court. PCRA Court Opinion, 10/10/2013, at 5-6.[6] The PCRA court also rejected Appellant's

---

[6] *See also Allen v. Com., Dep't of Corr.*, 2014 WL 4243454 (Cmwlth. Ct. Aug. 27, 2014) ("Where a sentencing court clearly gives credit against the [violation of probation] sentence for time served, it is [Department of Corrections' (DOC)] duty to carry out that sentencing order. DOC is bound to follow a trial court's order granting an inmate credit for time served. […T]he sentencing court [may] specifically direct [the] DOC to credit [a] sentence with 'any time previously served on this matter.' The sentencing order triggered DOC's duty to credit [a defendant's] sentence accordingly.")

contention that his first violation of probation sentence was illegal, because the maximum sentence imposed on the underlying probation revocation was below the statutory maximum.[7]  *Id.* at 7; *see also Commonwealth v. Gordon*, 942 A.2d 174, 182 (Pa. 2007) (citation omitted) ("Pennsylvania judges retain broad discretion to sentence up to and including the maximum sentence authorized by statute; the only line that a sentence may not cross is the statutory maximum sentence.").  The PCRA court also noted that the Commonwealth initially agreed to waive the mandatory minimum sentence on the underlying PWID conviction.  *Id.* at 7.  "[W]here probation is violated, the trial court is free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor."  *Commonwealth v. Partee*, 86 A.3d 245, 249 (Pa. Super. 2014).  The PCRA court determined that Appellant was not eligible for a non-violent probation violator program, because he violated probation three times and should have filed for reconsideration of his sentence 10 days after his last violation of probation sentence was imposed in 2009.  *Id.* at 8.  Thus, we note that the PCRA court lacked jurisdiction to entertain claims on Appellant's 2009 judgment of sentence because Appellant filed his PCRA petition more than a year later

---

[7] Appellant's underlying conviction for PWID cocaine carried a statutory maximum sentence of 10 years of imprisonment.  35 P.S. §780-113(f)(1.1).  Appellant was sentenced to 59 to 119 months of incarceration, just under the 10-year statutory maximum sentence.

and he did not invoke a statutory exception to the PCRA's one-year time-bar. **See Commonwealth v. Dickerson**, 900 A.2d 407, 410 (Pa. Super. 2006) ("Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) is met."). Further, the PCRA court correctly observed that sentencing Appellant consecutively to any other sentences he had received was discretionary, but not illegal. PCRA Court Opinion, 10/10/2013, at 6. Upon review, we discern no abuse of discretion or illegality of sentence regarding Appellant's punishments.

In his fifth, sixth, and seventh issues presented, Appellant contends that trial counsel was ineffective for failing to provide the trial court with official records showing his credit for time-served and for failing to request an up-to-date sentencing report prior to the imposition of his current sentence. Appellant's Brief at 18-21.

In order to succeed on a claim of ineffective assistance of counsel, an appellant must prove that "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or [inaction]; and (3) appellant suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error." **Commonwealth v. Charleston**, 94 A.3d 1012, 1029 (Pa. Super. 2014) (citation omitted).

In this case, the PCRA court concluded that prior counsel was not ineffective for failing to request an up-to-date presentence investigation (PSI) report or for failing to present specific dates for time-served. We agree. As previously stated, the computation of credit for time-served is left to the Department of Corrections and can be challenged in Commonwealth Court. Such as happened here, the trial court was required to enter an order entitling Appellant to credit and, thus, there is no merit to Appellant's ineffective assistance of counsel claim.

With regard to Appellant's claim that counsel was ineffective for failing to request a current PSI report, the trial court has discretion to dispense with a PSI report. *See* Pa.R.Crim.P. 702(A)(1) ("The sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case."). We have previously determined that "[i]n the absence of a PSI, the court must conduct a pre-sentence inquiry such that it is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's history and background." *Commonwealth v. Kelly*, 33 A.3d 638, 642 (Pa. Super. 2011).

Upon review of the certified record, including the notes of testimony from the most recent violation of probation hearing, the trial court received all of the pertinent information prior to imposing sentence. Appellant pled guilty to felony drug charges, before another judge in the same jurisdiction, in violation of his probation on the current matter. N.T., 12/15/2010, at 4-10. The trial court also recognized this was Appellant's third violation of

probation regarding his 2002 PWID conviction and the judge was familiar with Appellant's criminal history and personal background. *Id.* at 2-4. Appellant apprised the trial court that, at the time of the violation, he procured illegal prescription drugs for a paralyzing injury and he was also caring for his ailing father. *Id.* at 7-8. In sentencing Appellant, the trial court ultimately determined:

> […] I will say that [Appellant] being arrested a scant month and a half after one of my probations again has zero, zero probability of being rehabilitated. So, at this point, the balance that I must strike in favor of protecting the public from drug dealers, and taking into consideration his needs for rehabilitation, that balance falls heavily on the side of the law abiding public at this juncture.

*Id.* at 13.

Moreover, Appellant does not argue that there was any pertinent additional information that was not made known to the trial court prior to imposition of his sentence. Accordingly, we conclude that the trial court was apprised of all the pertinent information necessary by conducting a pre-sentence inquiry. Thus, we discern no abuse of discretion by the trial court in sentencing Appellant without a PSI report. Counsel cannot be deemed ineffective for failing to raise a meritless claim.

In appellate issues numbered eight and nine, Appellant contends that counsel was ineffective for failing to object to his current sentence as excessive and for then failing to file a timely post-sentence motion and direct appeal challenging his sentence as excessive. Appellant's Brief at 16-

- 11 -

18, 21-23. As previously noted, Appellant's sentence was not illegal, therefore, his challenge implicates the discretionary aspects of sentencing. We have previously stated:

> […Appellant here] raises [a discretionary sentencing claim] in the context of an ineffectiveness claim. Appellant has failed to articulate any substantial question which would show that a lesser sentence was appropriate, in accordance with 42 Pa.C.S.A. § 9781. Had appellant directly appealed the sentence without stating a substantial question, our inquiry would end. In light of the fact that appellant challenges trial counsel's effectiveness for failure to preserve the issue for appeal, however, we may consider whether appellant's underlying sentencing issue has arguable merit.
>
> This Court has held that the trial judge has broad discretion in imposing sentence.... If the sentence imposed is within statutory limits, there is no abuse of discretion, unless the sentence is manifestly excessive so as to inflict too severe a punishment.... Absent an abuse of discretion, a sentence imposed by the trial court will not be disturbed on appeal.

*Commonwealth v. Lee*, 585 A.2d 1084, 1090 (Pa. Super. 1991) (internal citations omitted).[8]

In the present case, upon revocation of probation, Appellant was sentenced to 59 to 119 months of incarceration for the underlying PWID cocaine conviction. As previously noted, the statutory maximum sentence is 10 years. 35 P.S. §780-113(f)(1.1). Therefore, as the sentence imposed

---

[8] "The sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001) (citation omitted).

does not exceed that statutory maximum, there can be no abuse of discretion unless the sentence is manifestly excessive so as to inflict severe punishment. Upon our own review of the record, we are satisfied that the trial court did not abuse its discretion, as it accounted for the fact that Appellant "has multiple counts of probation violations and a contempt charge for walking out of the courtroom during proceedings."  PCRA Court Opinion, 10/1/2013, at 12.  Furthermore, the trial court also "follow[ed] the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S.A. § 9721(b). Accordingly, we do not find the sentence to have been manifestly excessive and cannot find trial counsel to have been ineffective for failing to file a timely motion to reconsider the sentence, or a direct appeal challenging his sentence as excessive, as such pleadings would have been futile.

Next, Appellant argues that counsel was ineffective for failing to object to a video conference at the 2010 violation of probation hearing.  Appellant's Brief at 23.  Appellant complains he lacked notice of the video conference and claims he "would have sent the court the circumstances surrounding his direct violation, showing he sold the drugs, in hopes of getting pain medication to support his addiction, Appellant would have been able to prepare a defense, had witnesses in the courtroom to testify on his behalf,

his family th[ere] for support, Appellant would have requested to be present in the courtroom for the hearing." *Id.* at 24 (record citation omitted).

Upon review, Appellant has not shown he was prejudiced. During the video conference, defense counsel explained that the probation violation occurred because Appellant was injured in a shooting and had no medical insurance, "[s]o he engaged in a negotiation apparently with an undercover police officer to trade narcotics for OxyContin so that he could use the painkillers himself." N.T., 12/15/2010, at 4. Thus, the trial court had the proffered information despite Appellant's absence from the courtroom. Appellant did not present a defense; he admitted to criminally engaging in the narcotics transaction underlying his violation of probation. *Id.* at 7-8. Finally, "[w]hen raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner [must] establish[] that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. *Commonwealth v. Sneed*, 45 A.3d 1096, 1108-1109 (Pa. 2012). Appellant has not established these prerequisites. Thus, for all of the foregoing reasons, Appellant's ineffective assistance of counsel claim pertaining to the video conference fails.

In his eleventh issue presented, Appellant claims that the PCRA judge was biased and should have recused. Appellant's Brief at 7-9. Specifically,

he claims that "[t]he judge['s] disdain for Appellant, stem[s] from Appellant leaving his courtroom during a recess on [May 28, 2003]." *Id.* at 8. In support, Appellant cites a statement from the judge at a prior proceeding, wherein the judge said he "will never forget that day, you were wearing Muslim garb that day." *Id.*, citing N.T., 2/10/2009, at 9. Appellant also claims the judge showed bias when he stated that Appellant had zero chance of rehabilitation. *Id.*

As the PCRA court notes, recusal is determined by a judge's self-assessment of whether he should volunteer to recuse from a matter pending before him. PCRA Court Opinion, 10/1/2013, at 4; *see also Commonwealth v. Kearney*, 92 A.3d 51, 63 (Pa. Super. 2014). Upon our review, the remarks at issue did not constitute impartiality or bias. The court referenced a prior incident wherein it held Appellant in contempt of court for leaving the proceedings during a break. Said incident was but one factor, as discussed above, in the court's decision to impose Appellant's sentence. The court's remark that Appellant was wearing Muslim garb was not derogatory and did not show bias towards Appellant's religion. Instead, the judge emphasized that the event was memorable to him. In the absence of record proof of judicial bias or prejudice, no relief is due on Appellant's claim that the PCRA court should have recused itself.

Finally, Appellant claims that the PCRA court erred by dismissing his PCRA petition without specifying its legal determinations in its Pa.R.Crim.P. 907 notice. Appellant's Brief at 6-7. Here, upon review of the notice, the

PCRA court stated it "determined the issues raised in the Amended Post Conviction Relief Act Petition are without merit." Rule 907 Notice, 8/22/2013. "The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims." *Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super 2012). Here, the PCRA court's notice explained its legal determination that there was no merit to Appellant's claims based upon the pleadings as presented. Appellant does not point to any material defects that would have permitted further amendment. Thus, we discern no error. Moreover, "[a] PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact." *Commonwealth v. Keaton*, 45 A.3d 1050, 1094 (Pa. 2012) *citing* Pa.R.Crim.P. 909(B)(2). Hence, Appellant's remaining contention lacks merit.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2014

- 16 -