J-S03039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WESLEY DAVID PERONE, :
:
Appellant : No. 1269 EDA 2018

Appeal from the PCRA Order March 28, 2018
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0005432-2016,
CP-39-CR-0005433-2016

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 28, 2019**

Wesley David Perone ("Perone"), *pro se*, appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On July 24, 2017, Perone, represented by retained counsel, Philip Lauer, Esquire ("trial counsel"), entered a negotiated guilty plea to two counts of possession with intent to deliver a controlled substance[1] and one count of receiving stolen property.[2] The plea agreement entailed a fixed sentence of four to nine years in prison.

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 3925(a).

At the guilty plea/sentencing hearing, Perone participated in an extensive oral guilty plea colloquy. Perone also completed a written plea colloquy. At the conclusion of the hearing, the trial court imposed an aggregate sentence of four to nine years in prison, complying with the terms of the plea agreement. Additionally, trial counsel and Perone executed a written post-sentence colloquy on the same date. Therein, Perone acknowledged his post-sentence rights, including the right to file post-sentence motions and/or a direct appeal. Notably to this appeal, however, Perone did not file any post-sentence motions or a direct appeal.

On October 26, 2017, Perone filed a timely, *pro se* PCRA Petition. Therein, he asserted that trial counsel was ineffective for failing to file requested post-sentence motions and a direct appeal. Perone attached to his Petition a letter dated August 7, 2017. Trial counsel had sent this letter to Perone, approximately two weeks after sentencing, in response to a letter he had received from Perone.[3] Therein, trial counsel advised Perone of, *inter alia*, his right to a direct appeal, stating as follows: "I do not see an issue which I can ethically pursue on your behalf in the Superior Court, but I will be happy

---

[3] Trial counsel explained that Perone was displeased about his sentence, with respect to the fashion in which the sentencing court had structured it, *i.e.*, consecutive versus concurrent respective sentences. **See** Letter, 8/7/17, at 1-2 (unnumbered); **see also id.** (wherein counsel advised that "the [plea] agreement, which I am confident you fully understood, was that the sentence would be 4 to 9 years. Accordingly, I see no basis on which to challenge the sentence because of the [sentencing] judge's selection of smaller consecutive sentences, rather than larger concurrent sentences." (emphasis omitted)).

to file the notice of appeal, followed by a petition to withdraw as your counsel, if that is what you would like us to do." Letter, 8/7/17, at 2 (unnumbered); *see also id.* (wherein trial counsel noted Perone's right to file post-sentence motions).

On December 13, 2017, the PCRA court appointed Sean Poll, Esquire (hereinafter "PCRA counsel"), to represent Perone. Five days later, PCRA counsel filed a Petition to Withdraw as counsel and a ***Turner***/***Finley***[4] "no-merit" letter. Therein, PCRA counsel summarized the applicable law and history of the case, and stated his reasons for determining that Perone's claims, *i.e.*, of trial counsel's ineffectiveness for failing to file requested post-sentence motions/direct appeal, were frivolous.

On January 29, 2018, the PCRA court conducted a hearing on the Petition to Withdraw (hereinafter, the "Petition to Withdraw hearing"), which Perone attended. PCRA counsel testified to the extent of his review (including his prior discussion with trial counsel concerning Perone's claims), and detailed his reasons for determining that Perone's claims lacked merit. At the conclusion of the Petition to Withdraw hearing, the PCRA court announced that it was granting PCRA counsel leave to withdraw, and entered an Order to that effect.

---

[4] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). PCRA counsel did not file an amended PCRA petition on Perone's behalf.

On March 6, 2018, Perone filed a *pro se* Response (hereinafter, the "Response") in opposition to the Order permitting PCRA counsel to withdraw, and requested the appointment of new counsel. In the Response, Perone argued that the **Turner**/**Finley** letter was inadequate, where PCRA counsel had failed to (1) address all of the issues Perone raised in his *pro se* PCRA Petition; (2) timely provide Perone with a copy of the **Turner**/**Finley** letter; and (3) adequately communicate with Perone.

On March 26, 2018, the PCRA court conducted an evidentiary hearing on Perone's PCRA Petition, wherein Perone and the attorney for the Commonwealth testified.[5] By an Order and an accompanying Opinion dated March 28, 2018, the PCRA court denied Perone's Petition, and explained its reasons for finding that the claims of trial counsel's ineffectiveness lacked merit. Perone timely filed a *pro se* Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Perone now presents the following issues for our review:

1. Whether PCRA counsel was ineffective for failing to conduct any kind of investigation on [Perone's] behalf, for failing to advance [Perone's] issues in any meaningful way, for failing to file an amended PCRA [petition] when there w[ere] meritorious issues clearly present on the record, and for failing to have any form of communication at all with [Perone] before filing a **Finley** letter, and Motion to withdraw from the case, after only being appointed as counsel for five (5) days?

_____

[5] Trial counsel did not testify at this hearing.

- 4 -

2. Whether PCRA counsel was ineffective for failing to detail the nature and the extent of his review, for failing to raise and list each issue [Perone] wanted the PCRA court to review, and for failing to fully explain why each issue was meritless in his ***Turner***/***Finley*** letter?

3. Whether PCRA counsel was ineffective for failing to contemporaneously serve on [Perone] a copy of his Motion to withdraw/***Finley*** letter, and instead[,] handing [Perone] a copy of these documents in the middle of [the Petition to Withdraw] … hearing, moments before PCRA counsel was allowed to withdraw by the PCRA court?

4. Whether PCRA counsel was ineffective for filing a ***Finley*** letter/Motion to withdraw, claiming [that Perone's] *pro se* PCRA [Petition] was meritless, when [Perone] raised a clearly meritorious issue in his *pro se* PCRA [Petition], which was present on the face of the record, and would have afforded [Perone] relief if properly raised by PCRA counsel?

5. Whether the PCRA court erred by placing an erroneous burden on [Perone] to prove the merits of the issues that he would have raised on appeal if [trial] counsel would have filed the requested notice of appeal, and to show that these issues would have succeeded if raised?

6. Whether the PCRA court erred by failing to conduct an "independent review" of the record, and in granting PCRA counsel[']s ***Finley*** letter allowing PCRA counsel to withdraw from [Perone's] case, when counsel[']s ***Finley*** letter clearly failed to comply with the mandates of ***Finley*** by failing to list and raise each issue [Perone] wanted to have reviewed?

7. Whether the PCRA court erred by refusing to call [Perone's] trial[] [counsel] as a witness at [Perone's] PCRA hearing, even though [Perone] clearly listed said counsel as a witness he would like to have called at his PCRA hearing on his PCRA [] Petition, and [trial] counsel[']s testimony was critical to [Perone's] ineffective assistance of counsel claim?

Brief for Appellant at 5-7 (issues numbered, some capitalization omitted).

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

In his issues numbered one through four, which we address simultaneously due to their relatedness, Perone argues that PCRA counsel was ineffective for filing a ***Turner***/***Finley*** letter, merely five days after being appointed to represent Perone, where PCRA counsel failed to

(1) communicate with Perone or investigate his claims;

(2) file an adequate ***Turner***/***Finley*** letter, in that PCRA counsel failed to detail the nature and extent of his review of the record and address all of the issues Perone raised in his *pro se* PCRA Petition;

(3) file an amended PCRA petition, where Perone raised meritorious claims of trial counsel's ineffectiveness for failing to file post-trial motions and a requested direct appeal; and

(4) furnish Perone with a copy of the ***Turner***/***Finley*** letter and Petition to Withdraw prior to the Petition to Withdraw hearing.

***See*** Brief for Appellant at 18-36.[6]

Defendants have a general rule-based right to the assistance of counsel for their first PCRA Petition. ***Commonwealth v. Cherry***, 155 A.3d 1080,

---

[6] Perone raised his instant claims of PCRA counsel's ineffectiveness in his *pro se* Response in opposition to the ***Turner***/***Finley*** letter and, thus, they are preserved for our review. ***See Commonwealth v. Ousley***, 21 A.3d 1238, 1245 (Pa. Super. 2011) (stating that an appellant must raise a claim of PCRA counsel's ineffectiveness and inadequacy of counsel's no-merit letter when the matter was still before the PCRA court).

1082 (Pa. Super. 2017) (citing Pa.R.Crim.P. 904(C)). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims …, so long as the petition in question is his first." **Cherry**, 155 A.3d at 1082 (citation omitted). Moreover, "once counsel is appointed, he or she must take affirmative steps to discharge his or her duties." **Id.** (citation and brackets omitted). When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of **Turner**/**Finley**. **Id.** at 1083.

To be entitled to relief on a claim of ineffective assistance of counsel, a PCRA petitioner must establish that (1) the underlying claim is of arguable merit; (2) there was no reasonable basis for counsel's action or failure to act; and (3) but for counsel's error, there is a "reasonable probability the result of the proceeding would have been different." **Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015). Failure to satisfy any of the three prongs is fatal to a claim of ineffective assistance of counsel. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). Moreover, counsel is presumed to provide effective assistance, and a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness. **Id.**; **see also Commonwealth v. Lesko**, 15 A.3d 345, 380 (Pa. 2011) (stating that "[w]hen evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." (citation and internal quotation marks omitted)). Finally, where, as here, the petitioner

asserts a "layered" ineffective assistance of counsel claim, "the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citation omitted); *see also Commonwealth v. McGill*, 832 A.2d 1014, 1024-25 (Pa. 2003) (same).

Accordingly, we must first determine whether Perone's underlying claims of trial counsel's ineffectiveness are meritorious. The PCRA court advanced the following rationale in support of its determination that Perone's claims lack merit:

> Initially, we note that "[c]ounsel cannot be deemed ineffective for failing to assert a meritless claim.["] *Commonwealth v. Lee*, 585 A.2d 1084, [1090] … (Pa. Super. 1991) [(citation omitted)]. In addition, the Superior Court of Pennsylvania [has] articulated that trial counsel cannot be found "ineffective for failing to file a motion to reconsider the sentence" when "such motion would most likely have been futile." [*Id.*] Furthermore, a [d]efendant must prove actual prejudice as a result of his attorney failing to file post[-]trial motions. In the case at bar, the plea agreement was explicitly followed, as [Perone] was sentenced to an aggregate fixed sentence of four (4) years to nine (9) years. There was no agreement as to whether the sentence would entail smaller consecutive sentences totaling four (4) to nine (9) years, or one larger concurrent sentence of four (4) to nine (9) years. Therefore, the sentence is legal and appropriate. [Trial counsel's] failing to file a post[-]trial motion in this matter did not prejudice [Perone] in filing an appeal. Therefore, this [c]ourt cannot find that [trial counsel] was ineffective in this regard.

> Next, [Perone] alleges that [trial counsel] was ineffective for failing to file an appeal. However, we note that [trial counsel] expressed his willingness to file a [n]otice of [a]ppeal if [Perone]

- 8 -

> so desired. **See** Letter dated August 7, 2017, [at 2 (unnumbered)] …. In addition, [trial counsel] also advised [Perone] that he would file a [m]otion to [w]ithdraw as [c]ounsel, because there was no basis to challenge the guilty plea entered or the sentence imposed. [**See id.**] Indeed, the plea was knowingly, intelligently, and voluntarily entered, as illustrated in the guilty plea colloquy of July 24, 2017. Also, this [c]ourt did not lack jurisdiction, and the sentence was not illegal. In light of the foregoing, [trial counsel] could not, in good faith, pursue an appeal on [Perone's] behalf. [Perone] did not instruct [trial counsel] to perfect an appeal by filing a [n]otice of [a]ppeal after he received the letter of August 7, 2017. Instead, [Perone] chose to file a *pro se* [PCRA Petition]. Therefore, this [c]ourt cannot find [trial counsel] ineffective for failing to file an appeal.

PCRA Court Order and Opinion, 3/29/18, at 4-5; **see also Commonwealth v. Callahan**, 101 A.3d 118, 124 n.12 (Pa. Super. 2014) (stating that "[t]o establish *per se* ineffectiveness, a defendant must still prove that he asked counsel to file a direct appeal." (citation omitted)). Our review discloses that the foregoing is supported by the record, and we agree with the PCRA court's sound determination. Accordingly, to the extent that Perone's layered claims of PCRA counsel's ineffectiveness pertain to the underlying allegations of trial counsel's ineffectiveness, these claims do not entitle Perone to relief. **See Rykard**, **supra**.

Moreover, the PCRA court considered, in Perone's Response, his claims that PCRA counsel improperly failed to (1) address all of the issues Perone raised in his *pro se* PCRA Petition; (2) timely provide Perone with a copy of the **Turner**/**Finley** letter; and (3) adequately communicate with Perone. The PCRA court determined that none of these claims entitled Perone to relief. Upon our independent review of the record, we discern no abuse of the court's

discretion in this regard, and we conclude that it did not err in finding that PCRA counsel adequately complied with the mandates of *Turner/Finley*.

As an addendum, concerning PCRA counsel's delay in providing Perone with the *Turner/Finley* letter and Petition to Withdraw, PCRA counsel explained at the Petition to Withdraw hearing that he had attempted to serve Perone with these documents, but was unable to do so because counsel could not locate Perone. N.T., 1/29/18, at 2-3. Accordingly, PCRA counsel gave them to Perone at the Petition to Withdraw hearing. *See id.*[7] It is well established that counsel seeking to withdraw in collateral proceedings must contemporaneously forward to the petitioner a copy of the petition to withdraw and no-merit letter, and advise the petitioner that, in the event the PCRA court grants counsel leave to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately-retained counsel. *Commonwealth v. Friend*, 896 A.2d 607, 614-15 (Pa. Super. 2006) (overruled on other grounds). However, neither *Friend* nor its progeny establishes a deadline by which collateral review counsel must furnish the petitioner with these documents, and substantial compliance with the requirements to withdraw as

---

[7] Perone did not request a continuance, at the Petition to Withdraw hearing, to be afforded time to respond to the Petition to Withdraw, nor did he thereafter retain new counsel. Moreover, the PCRA court considered Perone's challenge, in the Response, to the court's granting PCRA counsel leave to withdraw.

counsel will satisfy the **Turner**/**Finley** criteria. **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003).

Moreover, we also reject Perone's challenge to PCRA counsel's communication and purported failure to address all of the issues Perone wished to raise. Our Pennsylvania Supreme Court has made clear that **Turner**/**Finley** does not require PCRA counsel to "launch into an extra-record investigation of every claim raised by a PCRA petitioner on collateral attack" before determining that claims lack merit for purposes of filing a no-merit letter. **Commonwealth v. Porter**, 728 A.2d 890, 895 (Pa. 1999). Additionally, the **Porter** Court explained that collateral review counsel may not be "deemed ineffective *per se* merely because of the short amount of time he has met with his client." **Id.** at 896.

In his last three issues, which we address together, Perone contends that the PCRA court erred by (1) placing an improper burden on Perone to establish his underlying ineffectiveness claims; (2) failing to conduct an independent review of the record prior to granting PCRA counsel leave to withdraw; and (3) failing to ensure that trial counsel testified at the evidentiary hearing on the PCRA Petition.[8] **See** Brief for Appellant at 37-49.

---

[8] Perone points out that trial counsel was present at the evidentiary hearing and ready to testify as to Perone's claims, **see** N.T., 3/26/18, at 3, but counsel never testified.

- 11 -

We discern no error or abuse of the PCRA court's discretion in any of these regards. First, there is no indication that the PCRA court placed an improper burden upon Perone concerning his claim of trial counsel's ineffectiveness to file a requested direct appeal. **See**, **e.g.**, **Callahan**, **supra** (stating that "[t]o establish *per se* ineffectiveness, a defendant must still **prove** that he asked counsel to file a direct appeal[,]" and not just offer a bald assertion that such a request had been made). Second, the record belies Perone's claim that the PCRA court failed to conduct an independent review of the record and Perone's claims. Indeed, the PCRA court conducted *two* separate hearings on Perone's PCRA Petition and PCRA counsel's Petition to Withdraw, wherein Perone's claims were considered. Finally, Perone had no absolute right to trial counsel's testimony at the PCRA hearing. **See**, **e.g.**, **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012) (stating that the right to an evidentiary hearing on a post-conviction petition is not absolute). In any event, PCRA counsel explained to the PCRA court that he had interviewed trial counsel in researching Perone's ineffectiveness claims, prior to determining that these claims lacked arguable merit.

Accordingly, as none of Perone's issues entitle him to relief and we discern no error or abuse of the PCRA court's discretion in denying Perone's first PCRA Petition, we affirm the Order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/19